# Exhibit A

Verification, Case Docket and Superior Court Documents

<u>VERIFICATION</u>

STATE OF ARIZONA  )
                  ) ss.
COUNTY OF MARICOPA )

I, NEIL SINGH, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.      I am the attorney for Defendant State of Arizona in the matter of *Katlynn Marie v. David Szapiro, et al.*, CV2018-055672, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Cynthia Bailey.

2.      On December 20, 2018, I filed a Notice of Removal under 28 U.S.C. § 1441(a) seeking to remove, *Katlynn Marie v. David Szapiro, et al.*, CV2018-055672 to the United States District Court for the District of Arizona.

3.      In compliance with 28 U.S.C. § 1441(a) and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County, *Katlynn Marie v. David Szapiro, et al.*, CV2018-055672.  Also attached is a true and accurate copy of the court docket in *Katlynn Marie v. David Szapiro, et al.*, CV2018-055672

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 20th day of December, 2018.

_____
NEIL SINGH

#7515900

# Public Access View

Entry | Inquiry | Administrative | Tasks

Docket  CV2018055672 – Pltf Katlynn Marie – JO: Cynthia Bailey – (CVJ03) – Subcat: 116 – Other – Status: 22 – Not Subject to ARB - 22

 iCIS

◆ Help

### Existing Dockets in Case

| | Image | Filing Date | ME Date | Docket Date | Type | Filed By | Associated Parties |
|---|---|---|---|---|---|---|---|
| 15 | ☐ | 12/7/2018 | | 12/12/2018 | AFS - Affidavit Of Service *(CARSON MCWILLIAMS)* | The Court | none |
| 14 | ☐ | 12/7/2018 | | 12/11/2018 | SUM - Summons | Hamel, Heather (Attorney) | (1) Katlynn Marie |
| 13 | ☐ | 12/4/2018 | | 12/10/2018 | AFS - Affidavit Of Service *(ARIZONA DEPARTMENT OF CORRECTIONS)* | The Court | none |
| 12 | ☐ | 12/4/2018 | | 12/10/2018 | AFS - Affidavit Of Service *(JUDY SZAPIRO)* | The Court | none |
| 11 | ☐ | 12/4/2018 | | 12/7/2018 | SUM - Summons | Hamel, Heather (Attorney) | (1) Katlynn Marie |
| 10 | ☐ | 12/4/2018 | | 12/7/2018 | SUM - Summons | Hamel, Heather (Attorney) | (1) Katlynn Marie |
| 9 | ☐ | 12/4/2018 | | 12/7/2018 | SUM - Summons | Hamel, Heather (Attorney) | (1) Katlynn Marie |
| 8 | ☐ | 12/4/2018 | | 12/7/2018 | AFS - Affidavit Of Service *(ROBERT PATTON)* | The Court | none |
| 7 | ☐ | 12/4/2018 | | 12/7/2018 | AFS - Affidavit Of Service *(STATE OF ARIZONA)* | The Court | none |
| 6 | ☐ | 12/4/2018 | | 12/7/2018 | AFS - Affidavit Of Service *(DAVID SZAPIRO)* | The Court | none |
| 5 | ☐ | 12/4/2018 | | 12/6/2018 | SUM - Summons | The Court | none |
| 4 | ☐ | 11/14/2018 | 11/10/2018 | 11/14/2018 | 322 - ME: Notice Of Intent To Dismiss | The Court | none |
| 3 | ☐ | 9/7/2018 | | 9/10/2018 | CSH - Coversheet | Hamel, Heather (Attorney) | (1) Katlynn Marie |
| 2 | ☐ | 9/7/2018 | | 9/10/2018 | CCN - Cert Arbitration - Not Subject | Hamel, Heather (Attorney) | (1) Katlynn Marie |
| 1 | ☐ | 9/7/2018 | | 9/10/2018 | COM - Complaint | Hamel, Heather (Attorney) | (1) Katlynn Marie |

Return

CHRIS DEROSE
Clerk of the Superior Court
By Carmen Carabajal, Deputy
Date 09/07/2018 Time 13:16:26
Description                      Amount
-------- CASE# CV2018-055672 --------
CIVIL NEW COMPLAINT             333.00

TOTAL AMOUNT                    333.00
            Receipt# 26791253

THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Heather Hamel (Ariz. Bar No. 031734)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com
hamel@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

*Attorneys for Plaintiff Katlynn Marie*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| KATLYNN MARIE, an unmarried woman,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID SZAPIRO AND JUDY SZAPIRO, husband and wife; CHARLES RYAN, individually and in his capacity as the Director of the Arizona Department of Corrections; CARSON McWILLIAMS, individually and in his capacity as the Division Director of the Arizona Department of Corrections; ROBERT PATTON, individually and in his capacity of Warden of Arizona State Prison Complex Alhambra; and THE STATE OF ARIZONA, a governmental entity;<br><br>        Defendants. | Case No.  CV2018-055672<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

      For her Complaint against Defendants David Szapiro and Judy Szapiro, Charles Ryan, Carson McWilliams, Robert Patton, and the State of Arizona, Plaintiff Katlynn

1    Marie, through undersigned counsel, hereby alleges as follows:

2                             **CLAIM OVERVIEW**

3       1.      Plaintiff Katlynn Marie ("Ms. Marie") is a transgender woman who has been

4 ordered to serve a term of incarceration in the Arizona Department of Corrections

5 ("ADOC") – and who, per the decision-making of the ADOC, has been required to serve

6 her 10-year prison sentence in an all-men's facility despite identifying, presenting, and

7 living as a woman for literally her entire life.

8       2.      As one of the few "feminine entities" in an all-men's facility, Ms. Marie's

9 term of incarceration has been marked by severe trauma in the form of sexual abuse – the

10 most impactful of which was perpetrated by an ADOC Corrections Officer, who sexually

11 assaulted her on two separate occasions in June 2016.

12       3.      In May 2017, Ms. Marie filed a civil rights complaint against the Arizona

13 Department of Corrections in the United States District Court for the District of Arizona.

14 In the complaint, Ms. Marie alleged, among other things, that ADOC was deliberately

15 indifferent to her rights to be free from sexual assault by corrections officers, and had failed

16 to protect her from this sexual assault.

17       4.      Shortly thereafter Ms. Marie was released on parole. Like many, she was

18 reintroduced to society-at-large severely traumatized by her time in custody and had great

19 difficulty re-assimilating – resulting in a fairly prompt violation of her parole. Petrified to

20 return to the system in which she was subject to sexual assault by both inmates and officers,

21 she absconded.

22       5.      In December 2017, Ms. Marie was arrested on a parole warrant. She was

23 booked into ADOC's Alhambra "Reception Unit" – where, despite her prior lawsuit and

24 complaints of ADOC failing to protect her, she was once again entrusted to the custody of

25 an unsupervised corrections officer: Defendant David Szapiro, who sexually abused Ms.

26

1  Marie by non-consensually fondling her, forcing her to shower in front of him, and forcing
2  her to perform oral sex on him.

3       6.    During one of these assaults, Kaitlyn was able to obtain DNA evidence from
4  Szapiro and filed a complaint under the Prison Rape Enforcement Act ("PREA").  Five days
5  later, Officer Szapiro resigned from his position at ADOC.

6       7.    Ms. Marie brings this action to seek redress for the sum of this conduct:  not
7  merely for Mr. Szapiro's callous and self-serving assaults upon her, but for the State's
8  deliberate indifference to her serious needs and care, and to her continued substantial
9  vulnerability to sexual assault.

10                   **JURISDICTION, VENUE, AND PARTIES**

11       8.    This Court has jurisdiction over this action pursuant to Article VI, section 14
12  of the Arizona Constitution and A.R.S. § 12-123, and the amount in controversy exceeds
13  the Court's minimum jurisdictional amount.

14       9.    Venue is proper in this Court pursuant to A.R.S. § 12-401 insofar as the events
15  that gave rise to Plaintiff's claim occurred in Maricopa County, Arizona.

16       10.    Plaintiff Kaitlyn Marie is a single woman residing at the Arizona State Prison
17  Complex-Lewis in Buckeye, Arizona.

18       11.    Upon information and belief, Defendants David and Judy Szapiro are a
19  married couple, residing in Maricopa County, Arizona.  At all times relevant to this
20  Complaint, Mr. Szapiro was a sworn corrections officer, employed at ASPC-Alhambra and
21  was acting in furtherance of his marital community.

22       12.    Defendant Charles Ryan is a citizen of Arizona and is employed as Director
23  of ADOC ("Director Ryan"), which owns and operates the state prisons, housing
24  individuals convicted of certain crimes within the State of Arizona. ADOC is the
25  governmental entity with ultimate authority and control over conditions within the state
26  prison system.  As Director of ADOC, Director Ryan is responsible for establishing,

1   administering, and applying statewide operations, policies, institutions, and programs of

2   ADOC, which directly affect how all incarcerated individuals, including Ms. Marie, are

3   housed and protected at the prison.  Director Ryan is sued for declaratory and injunctive

4   relief in his official capacity and for damages in his individual capacity.

5       13.   Defendant Carson McWilliams is a citizen of Arizona and is employed as the

6   Division Director of Offender Operations for ADOC ("Division Director").  In his capacity

7   as Division Director, he oversees the Offender Services Bureau, which is responsible for,

8   among other things, offender classification and movement and population management.

9   According to ADOC Order, the Division Director must, among other things, ensure that

10  every state prison facility provides incarcerated individuals with information on how to

11  prevent sexual assault during their orientation.  The Division Director also receives written

12  notifications of any investigation of sexual assault involving ADOC staff and individuals

13  in the custody of ADOC, and is responsible for the overall operation of ADOC's grievance

14  procedure.  Division Director McWilliams is sued for declaratory and injunctive relief in

15  his official capacity and for damages in his individual capacity.

16      14.   Defendant Robert Patton is a citizen of Arizona and is employed as the

17  Warden of the Arizona State Prison Complex-Alhambra ("ASPC-Alhambra") in Phoenix,

18  Arizona.  In his capacity as Warden, Mr. Patton is responsible for the day-to-day operations

19  of the entire Alhambra Prison Complex, including the unit in which Ms. Marie was housed.

20  Pursuant to ADOC Orders, Warden Patton is required to (1) report allegations of sexual

21  assault to the Division Director for Offender Operations, (2) implement any

22  recommendations for improving the prevention of sexual abuse or document the reasons for

23  not doing so, and (3) ensure housing assignments yield the highest degree of safety possible.

24  Warden Patton is sued for declaratory and injunctive relief in his official capacity and for

25  damages in his individual capacity.

26

15.    At all times relevant to the allegations of this Complaint, Defendants Ryan, McWilliams, and Patton (collectively, the "Prison Official Defendants") were acting under the color of state law.  The Prison Official Defendants are under a duty to run the corrections operations in a lawful manner so as to preserve for individuals in the custody of the ADOC the rights, privileges, and immunities guaranteed to them by the Constitutions and laws of the United States of America and the State of Arizona.

16.    Defendant State of Arizona is a state of the United States of America, entering the union as the 48th state in 1912.  The State operates the Arizona Department of Corrections ("ADOC"), which owns and operates the state prisons, housing prisoners within the State of Arizona, and is the governmental entity with ultimate authority and control over conditions within the state prison system.  At all relevant times, the State was acting by and through its duly authorized employees, agents, and/or administrators of ADOC, who at all relevant times were acting within the course and scope of their employment, under the color of state law, and in accordance with the State's policies, practices and customs.

17.    The State has established, or delegated to ADOC, through its prison officials, the responsibility for establishing and implementing policies, practices, procedures, and/or customs used by its corrections officers employed by the State.

18.    Every act and omission of the employees, representatives, and agents of the Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs and uses of the United States of America and the State of Arizona, by virtue of their authority as sworn corrections officers, and within the course and scope of their employment.

19.    For the purpose of Ms. Marie's state law claims, but not for claims under Section 1983, the State is responsible for the wrongful acts or omissions of its employees under the doctrine of *respondeat superior*.

## GENERAL ALLEGATIONS

20.     Ms. Marie is a transgender woman who was designated as male at birth but has identified as female for her entire life.

21.     At all times relevant to this Complaint, Ms. Marie was under the custody control of the ADOC, and was housed at the ASPC-Alhambra in Phoenix, Arizona and ASPC-Lewis in Buckeye, Arizona.

22.     At all relevant times, the Defendant State of Arizona and the Prison Official Defendants were on notice, knew, or reasonably should have known that Ms. Marie is a transgender woman.

23.     At all relevant times, Ms. Marie has faced constant threats of physical and sexual assault because she is transgender.

### PREA Standards and ADOC Orders

24.     In 2003, Congress passed the Prison Rape Elimination Act ("PREA"),[1] to prevent rape in confinement. PREA also addresses sexual abuse posed through housing transgender individuals in institutional environments.

25.     PREA sets forth national standards that correctional institutions *must* implement to prevent sexual assault in prisons, and requires that all agencies "have a written policy mandating zero tolerance toward all forms of sexual abuse and sexual harassment."[1]

26.     Among other requirements, PREA mandates that correctional institutions provide training about sexual abuse and sexual harassment to employees who have contact with individuals incarcerated in state and federal facilities.   The training must include instructions on (1) the facility's zero-tolerance policy for sexual abuse and sexual harassment; (2) prevention detection, and reporting of sexual abuse and sexual harassment; (3) the policies and procedures for responding to reports of sexual abuse and harassment;

---

[1] 28 C.F.R. § 115.11.

(4) how to communicate effectively and professionally with transgender individuals in confinement; (5) the right of incarcerated individuals to be free from abuse and retaliation; (6) the power dynamics of abuse in confinement; and (7) how to avoid inappropriate relationships with individuals who are incarcerated.[2]

27.    PREA standards specifically warn that "[b]eing transgender is a known risk factor for being sexually victimized in confinement settings."[3]

28.    PREA requires that facility and housing assignments be made on a case-by-case basis, and that decisions about such assignments, including whether to assign a transgender individual to male or female housing, be based on individualized assessments. In making these individualized assessments, correctional institutions must consider the incarcerated transgender person's gender identity and give serious consideration to the transgender person's own views with respect to safety.[4]

29.    PREA requires correctional institutions to assess incarcerated individuals for sexual assault risk factors when making housing determinations to ensure their safety, including whether the person "has previously been incarcerated," whether the person "has previously experienced sexual victimization," and the person's "own perception of vulnerability."[5]

30.    The State, through its prison officials, is responsible for implementing policies pursuant to PREA for ADOC.

31.    The State has adopted policies implementing PREA and the standards it sets forth, but, upon information and belief, the State, through prison officials, has failed to follow or adhere to those standards in custom or practice with respect to the transgender population held in custody by ADOC.   Indeed, despite knowing about the significant

[2] 28 C.F.R. § 115.31.
[3] U.S. Dept. of Justice Memorandum on PREA Standards, March 24, 2016.
[4] 28 C.F.R. § 115.42(c), (e).
[5] 28 C.F.R. § 115.41(d).

1    vulnerabilities and grave physical and emotional harms that transgender individuals face in

2    confinement, the State has failed to provide adequate training and/or necessary supervision

3    of corrections officers and/or other staff to ensure the safety of transgender individuals, like

4    Ms. Marie, while in ADOC custody.

5         32.    The State's policies implementing PREA are discussed in the ADOC Order

6    100, issued and signed by Chuck Ryan and "establishes a coordinated system of written

7    instructions through which the Department communicates its management philosophy,

8    intent, and expectations to employees, inmates, and the public."

9         33.    ADOC Order 811 requires ADOC personnel, including but not limited to the

10   Prison Official Defendants, to consider a number of factors to assess individuals "for risk

11   of sexual victimization," including whether the individual "is or is perceived to be gay,

12   lesbian, bisexual, transgender, intersex, or gender nonconforming," whether the individual

13   "has previously experienced sexual victimization" and the individual's "own perception of

14   vulnerability."  In addition, the Order requires ADOC personnel to "consider prior acts of

15   sexual abuse" and history of sexual abuse in assessing the individual's risks.

16        34.    "Additionally, [ADOC Order 811 mandates that an individual's] risk level

17   shall be reassessed when warranted due to a referral, request, incident of sexual abuse, or

18   receipt of additional information that bears on the [individual's] risk of sexual victimization

19   or abusiveness."

20        35.    ADOC Order 125 establishes a "zero tolerance for sexual contact of any kind

21   with [incarcerated individuals] including sexual harassment, conduct, assault and/or contact

22   by [incarcerated individuals], staff, contractors, volunteers, and others."

23        36.    ADOC Order 125 provides that "Staff sexual harassment and *any sexual*

24   *contact or conduct between staff and [incarcerated individuals] is strictly prohibited.*

25   *There is no consensual sexual contact between staff and [incarcerated individuals].*  A

26

staff member who engages in Unlawful Sexual Conduct is subject to state and/or federal criminal prosecution." (Emphasis added).

37.   "Unlawful Sexual Conduct is defined as engaging in *any act of a sexual nature with an [incarcerated individual]* who is in custody or under supervision of the Department, a contracted private person or a contracted county jail."[6]

38.   "All employees, volunteers and contact employees are expected to have the highest ethical standards of honesty, integrity, impartiality and conduct in their interaction with [incarcerated individuals], other employees and the general public."[7]

39.   The State's policies further require ADOC personnel, including but not limited to the Prison Official Defendants, to report any sexual assault or sexual conduct that they observe or become aware of, and identify specific responsibilities with respect to the handling of sexual assault allegations, reporting the assault, identifying and securing the crime scene, and arranging for inmate victim protection and medical and mental health examinations.

40.   Despite being aware of transgender individuals' substantial vulnerability to sexual assault in confinement, there is a widespread and pervasive practice within ADOC of transgender individuals being denied safe and appropriate housing placements, and, as a result, being sexually victimized.   Instead of following PREA and ADOC Order requirements to prevent transgender individuals from being sexually assaulted or facing coercion while in confinement, Prison Official Defendants have disregarded this populations' valid safety concerns, have offensively blamed transgender individuals for provoking their sexual assaults, and have, contrary to ADOC's own policy, justified staff misconduct on a theory that incarcerated individuals are capable of giving consent while in confinement.   Put simply, instead of ensuring the safety and protection of transgender

---

[6] *Id.* (Emphasis added).
[7] *Id.*

1   individuals in the custody of ADOC, the Prison Official Defendants have swept allegations

2   of harm under the rug and adopted a cavalier attitude that sexual assault in prison is both

3   acceptable and unavoidable.

4         41.    Upon information and belief, the Prison Official Defendant's training of

5   ADOC personnel regarding the particular vulnerabilities and safety needs of transgender

6   individuals in the custody of ADOC remains perfunctory or non-existent.

7         42.    The Prison Official Defendants' failure to provide adequate training to ADOC

8   personnel regarding the unique needs and vulnerabilities of transgender individuals in the

9   custody of ADOC, and their deliberate indifference to the need for this training caused, and

10  continues to cause, harm to Ms. Marie.

11        43.    The Prison Official Defendants' policies, customs, and practices caused, and

12  continues to cause, Ms. Marie to suffer sexual and physical assaults and severe emotional

13  distress.

14        44.    The Prison Official Defendants knew of PREA's requirements and the need

15  to comply with them to ensure the health and physical safety of transgender individuals in

16  confinement.    Their failure to implement these requirements constitutes deliberate

17  indifference to the known risks of harm to transgender individuals in the custody of ADOC,

18  including Ms. Marie.

19        45.    The Prison Official Defendants' actions are all the more troubling because

20  they have frequently received notifications of the unlawful policies and practices—

21  including two instances of sexual assault on Ms. Marie by ADOC staff—and failed to

22  adequately respond.

23        46.    Defendant McWilliams, as the Division Director for Offender Operations, is

24  responsible for the overall operation of grievance procedures for individuals in the custody

25  of ADOC.  Defendant Patton, as the Warden of the ASPC-Alhambra, is responsible for

26  ensuring all staff follow all procedures related to grievances.

47.     As part of the system used to supervise individuals in the custody of the ADOC, ADOC relies on what is known as Adult Management System ("AIMS"). AIMS provides ADOC, including the Prison Official Defendants, with a range of information about processing, classification, population management, work, education, treatment, programs, release, and supervision of all individuals in the custody of ADOC. Upon information and belief, AIMS also contains information specific to each individual in the custody of ADOC and documents any grievances or complaints the individual made. AIMS thus also provides anyone with access to the information, with notice about any issue described within a particular AIMS file.

48.     At all relevant times, upon information and belief, the Prison Official Defendants had access to and notification of the information contained in the AIMS file about Ms. Marie.

49.     Upon information and belief, Ms. Marie's AIMS file documents numerous complaints related to violations of PREA, as well as the significant harm and risks she faced (and faces) as a transgender woman at ASPC-Lewis and ASPC-Alhambra. The Prison Official Defendants had notice of Ms. Marie's complaints concerning her the significant risks of harms she suffered and faced, yet they have never adequately responded to provide her with the protection to which she is entitled under the Constitution.

50.     Indeed, Ms. Marie's current living conditions at ASPC-Lewis confirm that the Prison Official Defendants have refused to address their unconstitutional practices and disregarded their obligations under the law. Specifically, Ms. Marie currently lives in a dorm setting and is provided no privacy when she goes to the bathroom or showers. She is constantly accosted by men housed in that facility, and little to nothing is done to protect her from such abuse. At all times, Ms. Marie's risk of sexual victimization has been in plain view and no one, including the Prison Official Defendants, have taken any action to protect her. Tragically, as discussed further below, the Prison Official Defendants' failure to

1   protect Ms. Marie contributed to the brutal sexual assaults she suffered at the hands of

2   Officer Szapiro.

3   Ms. Marie is Sexually Assaulted at ASPC-Lewis

4   51.   In June of 2016, Ms. Marie was sexually assaulted by a corrections officer

5   named Juan Ignacio Ramirez at ASPC-Lewis.  Afterwards, she reported this abuse to

6   ADOC officials.

7   52.   In May 2017, Ms. Marie filed a civil rights suit against the State of Arizona

8   and Juan Ignacio Ramirez, Jr., corrections officer who raped her.  She was released on

9   parole shortly after.

10   53.   While on parole, Ms. Marie missed two "check-ins" with her parole officer.

11   Petrified to return to custody – where she had been sexually assaulted not only by other

12   inmates but by Officer Ramirez – she absconded.

13   54.   In December 2017, Ms. Marie was arrested on a parole warrant.

14   55.   At this point, ADOC unquestionably knew that Ms. Marie was substantially

15   vulnerable to sexual assault.  Nevertheless, ADOC made the outrageous and dangerous

16   decision to house her, yet again, in an all-male facility—ASPC-Alhambra—with male staff

17   that was not given proper training on how to protect or interact with transgender women.

18   Then the unthinkable but predictable happened again.

19   Officer Szapiro Repeatedly Sexually Assaults Ms. Marie

20   56.   During December of 2017, while Ms. Marie was housed at ASPC-Alhambra,

21   Defendant David Szapiro came into contact with her.

22   57.   During this time, Officer Szapiro began making inappropriate comments to

23   Ms. Marie, commenting to her about how she had a "nice body," among other things.

24   58.   One day, Officer Szapiro watched Ms. Marie as she showered and began

25   fondling her breasts.  He then unzipped his pants, pushed her head down to his groin, and

26   forced her to perform oral sex on him.

59.     On a second occasion, Officer Szapiro brought Ms. Marie to the shower and closed and locked the door behind them.  After she finished her shower, Ms. Marie began getting dressed.  Before she was finished dressing, Officer Szapiro began forcibly kissing her.  And again, he forced her to perform oral sex on him until he orgasmed.

60.     After the second occasion, Ms. Marie kept the shirt she was wearing, which had Officer Szapiro's DNA on it.  Ms. Marie then called the federal PREA hotline and left a message pleading with other prison officials to help and protect her.

61.     Although no one seemed in a rush to assist her, the Office of the Inspector General eventually sent a detective to investigate.  They questioned Ms. Marie, took the shirt that she kept from the incident with Officer Szapiro, and eventually took a number of DNA swabs from her body.

62.     Five days later, Officer Szapiro resigned from his position as a corrections officer at ADOC.

63.     After these assaults, Ms. Marie began to suffer from depression and anxiety.  Whatever little trust she felt she could give other people quickly vanished.  She felt isolated and began having suicidal thoughts.  She stopped enjoying life and even stopped wanting to live.  She was then returned to ASPC-Lewis and, eventually, to the Buckley Unit – the same unit where she was sexually assaulted two years earlier by Officer Ramirez.

/ / /

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983—Excessive Force in Violation of 4th and 8th Amendments**
*(Against Defendant David Szapiro Only)*

64.     Ms. Marie hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

65.     42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at, suit in equity, or other appropriate proceeding for redress…

66.     Ms. Marie is a citizen of the United States, and Officer Szapiro is a person for the purposes of 42 U.S.C. § 1983.

67.     Officer Szapiro was, at all times relevant to this Complaint, acting under the color of law in his capacity as a Sate of Arizona Corrections Officer, and his acts and omissions were conducted within the scope of his official duties or employment.

68.     At the time of the complained-of events, the Fourth Amendment to the United States Constitution clearly established Ms. Marie's right to be secure in her person from unreasonable seizure through excessive force.

69.     At the time of the complained-of events, any reasonable corrections officer would have known that the Constitution clearly establishes the right of United States' citizens to be secure in their persons from unreasonable seizures through excessive force.

70.     At the time of the complained-of events, any reasonable corrections officer would have known that the U.S. Constitution clearly establishes the right of U.S. citizens to be free from cruel and unusual punishment.

- 14 -

71.     Officer Szapiro's actions and use of force as described herein, namely a series of coerced and non-consensual sexual assaults, were objectively unreasonable and violated Plaintiff Marie's constitutional rights.

72.     Under the circumstances, the force Officer Szapiro used against Ms. Marie shocks the conscience and violated her rights.

73.     Officer Szapiro engaged in the above-described conduct willfully, maliciously, in bad faith, with willful indifference to and in reckless disregard of Ms. Marie's federally protected constitutional rights, and with conscious awareness that he would cause Ms. Marie severe physical and emotional injuries.

74.     Officer Szapiro's acts and/or omissions were moving forces behind Ms. Marie's injuries, intentionally depriving Ms. Marie of her constitutional rights and causing her other damages.

75.     Ms. Marie's constitutional right to be free of sexual abuse by a corrections officer was well-established law at the time, and Officer Szapiro is not entitled to qualified immunity for the conduct complained of in this Complaint.

76.     At all times relevant to this Complaint, Officer Szapiro was acting pursuant to ADOC custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Ms. Marie.

77.     As a proximate result of Officer Szapiro's unlawful conduct, Ms. Marie suffered injuries and other damages and losses as described herein entitling her to compensatory, economic, consequential, and special damages in an amount to be determined at trial.

78.     Ms. Marie is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

79.     In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against Officer Szapiro under 42 U.S.C. § 1983, in

1    that the actions of Officer Szapiro were taken maliciously, willfully, or with a reckless

2    disregard of Plaintiff's constitutional rights.

3          80.    Officer Szapiro's actions and use of force as described herein were also

4    malicious and/or involved reckless, callous, and deliberate indifference to Ms. Marie's

5    federally protected rights.

6

7    **SECOND CLAIM FOR RELIEF**
     **42 U.S.C. § 1983—Deliberately Indifferent Policies, Practices, Customs, Training,**
     **and Supervisions in Violation of the 4th and 14th Amendments**

8    *(Against Prison Official Defendants and the State of Arizona only)*

9          81.    Ms. Marie hereby incorporates by reference the allegations contained in the

10   foregoing paragraphs as if they were fully set forth herein.

11         82.    At the time of the complained-of events, the Prison Official Defendants knew

12   that Ms. Marie, as a transgender woman, faced an extreme and substantial vulnerability to

13   sexual assault and harm while in the custody of ADOC.  Due to the severity and obviousness

14   of the risks facing transgender individuals in confinement, PREA and ADOC Order advise

15   that the placement of transgender individuals in the custody of ADOC be carefully

16   considered by Prison Official Defendants and ADOC personnel.

17         83.    The Prison Official Defendants knew, or should have known, that Ms. Marie

18   filed a number of complaints documenting her susceptibility to sexual assault, harassment,

19   and abuse.

20         84.    The Prison Official Defendants also knew, or should have known, that Ms.

21   Marie filed a civil rights complaint before this action, and before her placement at ASPC-

22   Alhambra, documenting her susceptibility to sexual assault, harassment, and abuse.

23         85.    At the time of the complained-of events, the Fourth, Eighth, and Fourteenth

24   Amendments to the United States Constitution guaranteed Plaintiff the right to be free from

25   excessive force, sexual assault and battery, and sexual contact of any kind with a corrections

26   officer.

86.     At the time of the complained-of events, the Prison Official Defendants and Officer Szapiro knew or should have known of these rights.

87.     As described herein, Officer Szapiro's non-consensual sexual contact with Ms. Marie deprived her of her constitutional rights.

88.     Defendants are not entitled to qualified immunity for the complained-of conduct.

89.     The Prison Official Defendants have created and tolerated an atmosphere of lawlessness, having developed and maintained long-standing, department-wide customs, law enforcement-related policies, procedures, customs, practices, and/or Prison Official Defendants failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Ms. Marie and other transgender individuals in the custody of ADOC.

90.     More specifically, the Prison Official Defendants have developed and maintained, permitted to propagate and grow, and have a department-wide custom of failing to prevent, investigate, or discipline their corrections officers for engaging in non-consensual and/or coerced sexual contact with individuals in the custody of ADOC.

91.     Upon information and belief, the Prison Official Defendants failed to implement a system by which they would properly train and monitor corrections employees' interactions with transgender individuals in the custody of ADOC.

92.     The improper training and supervision provided by the Prison Official Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives.

93.     As a direct and proximate result of the Prison Official Defendants intentional actions and unlawful conduct, Ms. Marie has suffered, and continues to suffer, irreparable injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

1    94.    Plaintiff Ms. Marie is further entitled to attorneys' fees and costs pursuant to

2  U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

3    95.    Due to the actions of the Prison Official Defendants, Ms. Marie's extreme

4  vulnerability to sexual assault will continue indefinitely, absent relief.

5                          **THIRD CLAIM FOR RELIEF**
                          **Assault and Battery Under Arizona Law**
6                          *(Against Defendants Szapiro and Arizona)*

7    96.    Ms. Marie hereby incorporates by reference the allegations contained in the

8  foregoing paragraphs as if they were fully set forth herein.

9    97.    As set forth herein, Officer Szapiro caused harmful or offensive contact with

10 Ms. Marie through non-consensual sexual touching and forced oral sex.

11   98.    As set forth herein, Officer Szapiro acted outside the scope of his authority to

12 use lawful force, and therefore had no legal right to cause the harmful or offensive contact

13 with Ms. Marie.

14   99.    As a direct and proximate cause of Officer Szapiro's harmful and offensive

15 contact, Ms. Marie was physically and psychologically injured and suffered other damages

16 in an amount to be proven at trial.

17   100.   As set forth herein, Officer Szapiro was acting within the course and scope of

18 his employment as a corrections officer for the State of Arizona when he made contact with

19 Ms. Marie:  He was on-duty working in his regular job capacity; was working in the time,

20 place, and manner authorized by his employer; and his actions were motivated at least in

21 part by a purpose to serve the State of Arizona.

22   101.   Because Officer Szapiro was acting within the course and scope of his

23 employment for the State of Arizona, Defendant State of Arizona is vicariously liable for

24 the damages caused by his tortious conduct.

25

26 / / /

**FOURTH CLAIM FOR RELIEF**
**Gross Negligence Under Arizona Law**
*(Against Defendants Szapiro and Arizona)*

102.   Ms. Marie hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

103.   As set forth herein, Officer Szapiro, as all corrections officers, owed a duty to Ms. Marie, to exercise reasonable care with respect to her safety, physical health, and mental health.

104.   As set forth herein, Officer Szapiro breached this duty when he engaged in non-consensual sexual contact with Ms. Marie.

105.   As a direct and proximate cause of Officer Szapiro's harmful and offensive contact, Ms. Marie was injured and suffered other damages in an amount to be proven at trial.

106.   As set forth herein, Officer Szapiro was acting within the course and scope of his employment as a corrections officer for the State of Arizona when he made contact with Ms. Marie:  He was on-duty working in his regular job capacity; was working in the time, place, and manner authorized by his employer; and his actions were motivated, at least in part, by a purpose to serve the State of Arizona.

107.   Because Officer Szapiro was acting within the course and scope of his employment for the State of Arizona, Defendant State of Arizona is vicariously liable for the damages caused by his tortious conduct.

**FIFTH CLAIM FOR RELIEF**
**Negligence Per Se Under Arizona Law**
*(Against Defendants Szapiro and Arizona)*

108.   Ms. Marie hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

1    109.   A.R.S. § 13-1419(A) prohibits a correctional employee from "engaging in
2    any act of a sexual nature with an offender who is in custody of the state department of
3    corrections . . ."

4    110.   At the time of the events alleged herein, Officer Szapiro was a corrections
5    officers employed by the State of Arizona and thus was a correctional employee.

6    111.   At the time of the events alleged herein, Ms. Marie was "an offender . . . " in
7    the "custody of the state department of corrections."

8    112.   A.R.S. § 13-1419(A) was enacted for the protection of the class of individuals
9    of which Ms. Marie was a member, i.e. "offender[s] in the custody of the state department
10   of corrections."

11   113.   Officer Szapiro violated A.R.S. § 13-1419(A).

12   114.   Ms. Marie was injured as a direct and proximate cause of Officer Szapiro's
13   violation of A.R.S. § 13-1419(A).

14   115.   As a result of the foregoing, Ms. Marie suffered damages in an amount to be
15   proven at trial.

16   116.   As set forth herein, Officer Szapiro was acting within the course and scope of
17   his employment as a corrections officer for the State of Arizona when he made contact with
18   Ms. Marie:  He was on-duty working in his regular job capacity; was working in the time,
19   place, and manner authorized by his employer; and his actions were motivated, at least in
20   part, by a purpose to serve the State of Arizona.

21   117.   Because Officer Szapiro was acting within the course and scope of his
22   employment for the State of Arizona, Defendant State of Arizona is vicariously liable for
23   the damages caused by his tortious conduct.

24

25

26   / / /

## SIXTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress Under Arizona Law
### *(Against Officer Szapiro and Arizona)*

118. Ms. Marie hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

119. Officer Szapiro's above-described conduct was extreme and outrageous because an average member of the community would regard non-consensual, forced oral sex as atrocious, intolerable in a civilized community, and beyond all possible bounds of decency.

120. Officer Szapiro's above-described conduct was intentional insofar as he intended to cause Ms. Marie emotional distress.

121. Officer Szapiro's above-described conduct was reckless because he was aware of and consciously disregarded the near certainty that it would cause Ms. Marie emotional distress.

122. Officer Szapiro's above-described conduct caused Ms. Marie to suffer severe emotional distress, namely the onset of severe depression, anxiety, and suicidal ideations.

123. As a direct and proximate result of the actions of Officer Szapiro, Ms. Marie was injured and suffered damages in an amount to be proven at trial.

124. As set forth herein, Officer Szapiro was acting within the course and scope of his employment as a corrections officer for the State of Arizona during the sum of his involvement in this matter: Officer Szapiro was on-duty, was working in the time, place, and manner authorized by his employer; and his actions were motivated, at least in part, by a purpose to serve the State of Arizona.

125. Because Officer Szapiro was acting within the course and scope of his employment for the State of Arizona, Defendant State of Arizona is vicariously liable for the damages caused by Officer Szapiro's tortious conduct.

1

### SEVENTH CLAIM FOR RELIEF
**Abuse of a Vulnerable Adult Under Arizona Law**
*(Against Defendants Szapiro and Arizona)*

2

3       126.  Ms. Marie hereby incorporates by reference the allegations contained in the

4  foregoing paragraphs as if they were fully set forth herein.

5       127.  At all times relevant to this Complaint, Ms. Marie was a transgender woman

6  in the custody of ADOC and housed at an all-men's correctional facility who, by virtue of

7  her gender identity and marginalized status, was unable to protect herself from abuse,

8  neglect, or exploitation by others, including correctional employees.

9       128.  As set forth herein, Officer Szapiro committed sexual assault on Ms. Marie

10  causing her damages in an amount to be proven at trial.

11       129.  As set forth herein, Officer Szapiro intentionally inflicted physical harm on

12  Ms. Marie, causing her damages in an amount to be proven at trial.

13                    **PRAYER FOR RELIEF**

14       WHEREFORE, Plaintiff Marie hereby requests that the Court enter judgment

15  against the Prison Official Defendants, the State of Arizona, and David Szapiro as follows:

16       A.     For damages in an amount sufficient to compensate Ms. Marie fairly and

17               fully for the numerous violations of her Constitutional Rights;

18       B.     For general, consequential, special, and compensatory damages, including

19               but not limited to her pain and suffering, mental anguish, emotional

20               suffering, and loss of enjoyment of life;

21       C.     For nominal damages as provided for by law;

22       D.     For treble damages as provided for by A.R.S. § 46-456(B);

23       E.     For prejudgment interest on all liquidated sums;

24       F.     For punitive damages in an amount sufficient to punish defendants and deter

25               future reprehensible conduct;

26

G. For a permanent injunction against the Prison Official Defendants from subjecting Plaintiff to the unconstitutional and illegal policies, acts, practices, and omissions described in this Complaint;

H. For a declaratory judgment against the Prison Official Defendants declaring that the policies, acts, practices, and omissions of this Defendant with regard to transgender individuals in the custody of the ADOC are unlawful and constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

I. For an order against the Prison Official Defendants to take all other actions necessary to provide appropriate treatment and protection for transgender individuals in the custody of the ADOC and for the court to retain jurisdiction of this case until the Prison Official Defendants have fully complied with the orders of this Court and there is reasonable assurance that the Prison Official Defendants will continue to comply in the future absent continuing jurisdiction.

J. For attorneys' fees under 42 U.S.C. §§ 1983 and 1988, and as provided for by Arizona law;

K. For Ms. Marie's costs and other expenses incurred in this action; and

L. For such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED this 6th day of September 2018.

THE PEOPLE'S LAW FIRM
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003

By: _____
Heather Hamel

*Attorneys for Plaintiff Katlynn Marie*

- 23 -

CHRIS DEROSE, CLERK
BY _____ DEP
C. CARABAJAL, FILED

2018 SEP -7 PM 1:08

THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Heather Hamel (Ariz. Bar No. 031734)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com
hamel@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

*Attorneys for Plaintiff Katlynn Marie*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| KATLYNN MARIE, an unmarried woman,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SZAPIRO AND JUDY SZAPIRO, husband and wife; CHARLES RYAN, individually and in his capacity as the Director of the Arizona Department of Corrections; CARSON McWILLIAMS, individually and in his capacity as the Division Director of the Arizona Department of Corrections; ROBERT PATTON, individually and in his capacity of Warden of Arizona State Prison Complex Alhambra; and THE STATE OF ARIZONA, a governmental entity;<br><br>Defendants. | Case No.   CV 2018-055672<br><br>**CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

1   Plaintiff Katlynn Marie hereby certifies that she is aware of the limits of compulsory

2   arbitration under Rules 72 through 76, Ariz. R. Civ. P., and that this matter is <u>not</u> subject to

3   compulsory arbitration.

4   RESPECTFULLY SUBMITTED this 6th day of September 2018.

5

6   THE PEOPLE'S LAW FIRM
    645 North 4th Avenue, Suite A
    Phoenix, Arizona  85003

7

8

9   By: _____
    Heather Hamel

10  *Attorneys for Plaintiff Katlynn Marie*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**In the Superior Court of the State of Arizona**
**in and for the County of** Maricopa

**CV2018-055672**

~~CIVIL COVER SHEET - NEW FILING ONLY~~
(Please Type or Print)

Plaintiff's Attorney  Stephen D. Benedetto

Attorney Bar Number  022349

Is Interpreter Needed?  ☐ Yes  ☐ No
If yes, what language:

CHRIS DEROSE, CLERK
BY
C. CARABAJAL, FILED
**2018 SEP -7 PM 1:07**

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Katlynn Marie | 645 N. 4th Ave, Suite A, Phoenix, AZ 85003 | 602-456-1901 | benedetto@the-plf.com |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
David Szapiro and Judy Szapiro, Charles Ryan, Carson McWilliams, Robert Patton, State of Arizona

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☒ 116 Other (Specify) Civil Rights

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

**130 CONTRACTS:**

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax
   Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
             (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____    ☐ Tier 1    ☐ Tier 2    ☒ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge
☐ Employer Sanction    ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

©Superior Court of Arizona in Maricopa County    Page 2 of 2    CV10f - 070118
ALL RIGHTS RESERVED



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
11/14/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

11/10/2018

## COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2018-055672

**Katlynn Marie**

**V.**

**David Szapiro**

---

The Judge assigned to this action is the Honorable Cynthia J Bailey

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 09/07/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 12/06/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2018-055672

| Party Name | Attorney Name | |
|------------|---------------|---|
| Katlynn Marie | Heather Hamel | Bar ID: 031734 |

# ORIGINAL

CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 DEC -4  AM II: 38

FILED
BY A. VALENZUELA, DEP

1  THE PEOPLE'S LAW FIRM, PLC
   Stephen D. Benedetto (Ariz. Bar No. 022349)
2  Heather Hamel (Ariz. Bar No. 031734)
   645 North 4th Avenue, Suite A
3  Phoenix, Arizona 85003
   Telephone: (602) 456-1901
4  Facsimile: (602) 801-2834
   benedetto@the-plf.com
5  hamel@the-plf.com

6  *Firm email for docketing purposes:*
   admin@the-plf.com
7

8  *Attorneys for Plaintiff Katlynn Marie*

9        IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10             IN AND FOR THE COUNTY OF MARICOPA

11

12  KATLYNN MARIE, an unmarried        Case No.  CV 2018 - 055672
    woman,
13
                    Plaintiff,          **SUMMONS**
14
    v.
15
    DAVID SZAPIRO AND JUDY            If you would like legal advice from a lawyer,
16  SZAPIRO, husband and wife;         contact the Lawyer Referral Service at
    CHARLES RYAN, individually and         602-257-4434
17  in his capacity as the Director of the      or
    Arizona Department of Corrections;   www.maricopalawyers.org
18  CARSON McWILLIAMS,                    Sponsored by the
    individually and in his capacity as the   Maricopa County Bar Association
19  Division Director of the Arizona
    Department of Corrections; ROBERT
20  PATTON, individually and in his
    capacity of Warden of Arizona State
21  Prison Complex Alhambra; and THE
    STATE OF ARIZONA, a
22  governmental entity;

23                  Defendants.

24

25

26

THE STATE OF ARIZONA TO THE DEFENDANT:

CHARLES L. RYAN
DIRECTOR,
ARIZONA DEPARTMENT OF CORRECTIONS
1601 WEST JEFFERSON STREET
PHOENIX, ARIZONA 85007

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you must appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of receipt by the party being served. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz. R. Civ. P. 4, 4.1, 4.2 and 12(a).

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. Ariz. R. Civ. P. 5, 10; A.R.S. § 12-311.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding. Ariz. R. Civ. P. 4(b).

1
2      The name and address of plaintiffs' attorneys is:

3                          Stephen D. Benedetto
                           THE PEOPLE'S LAW FIRM, PLC
4                          645 N 4th Avenue, Suite A
                           Phoenix, Arizona  85003
5

6
7      SIGNED AND SEALED this date: _____ **SEP - 7 2018**

8                                              CHRIS DEROSE, CLERK

9                                         By_____
10                                        Deputy Clerk

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ADA Notification**

Requests for reasonable accommodation for persons with disabilities must be made to the Maricopa County Superior Court by the parties at least five (5) business days in advance of a scheduled court proceeding.   ADA information and the request for are also available on our web site under Forms/Miscellaneous Forms.

**Interpreter Notification**

Requests for an interpreter for persons with limited English proficiency must be made to Maricopa County Superior Court Administration by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.

- 6 -

Doc. # DC-11921432 v.1

| Attorney or Party without Attorney:<br>THE PEOPLE'S LAW FIRM<br>STEPHEN D BENEDETTO (022349)<br>645 NORTH FOURTH AVENUE SUITE A<br>PHOENIX , AZ 85003<br>Telephone No: (602) 456-1901 | CHRIS DEROSE CLERK<br>RECEIVED CCB #2<br>DOCUMENT DEPOSITORY<br><br>18 DEC -4  AM 11: 37<br><br>FILED BY: _Council_ |
|---|---|
| Attorney For: Plaintiff       Ref. No. or File No.: CV2018-055672 | |

Insert name of Court, and Judicial District and Branch Court:
MARICOPA COUNTY SUPERIOR COURT

Plaintiff: KAITLYNN MARIE, AN UNMARRIED WOMAN
Defendant: DAVID SZAPIRO AND JUDY SZAPIRO, HUSBAND AND WIFE; ET AL.

| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV2018-055672 |
|---|---|---|---|---|

1. At the time of service I was at least 21 years of age and not a party to this action.

2. I served copies of the
   SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT

3. a.  Party served:     DAVID SZAPIRO
   b.  Person served:   MICHAEL, SON/RESIDENT

4. Address where the party was served:   2628 E Aster Dr, Phoenix, AZ 85032

5. I served the party:
   a. by substituted service.   On: Thu, Nov 29 2018 at: 08:10 PM by leaving the copies with or in the presence of:
   MICHAEL, SON/RESIDENT , Caucasian , Male , Age : 18 , Height: 5'10" , Weight: 175 lbs .

   (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.
   (b) I received this subpoena for service on: 11/29/2018

Service: $30.00, Mileage: $0.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $40.00

I Declare under penalty of perjury under the laws of the State of
Arizona that the foregoing is true and correct.

6. Person Executing:
   a. Zachary Mueller MC-8735;
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

| 12/03/2018 | |
|---|---|
| (Date) | (Signature) |

7. STATE OF ARIZONA, COUNTY OF Moricepu
   Subscribed and sworn to (or affirmed) before on this ___3___ day of ___Dec.___, 2018 by Zachary Mueller (MC-8735)
   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

ANGELITA ZUNIGA
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 5, 2018

AFFIDAVIT OF SERVICE

_____
(Notary Signature)



2855792 (10337821)

*Attorney or Party without Attorney:*
THE PEOPLE'S LAW FIRM
STEPHEN D BENEDETTO (022349)
645 NORTH FOURTH AVENUE SUITE A
PHOENIX , AZ 85003
Telephone No: (602) 456-1901

*Attorney For:* Plaintiff

*Ref. No. or File No.:* CV2018-055672

CHRIS DEROSE, CLERK
*(For Court Use Only)*
RECEIVED CLE #2
DOCUMENT REPOSITORY

**18 DEC -4  AM II: 38**

**FILED**
**BY A. VALENZUELA, DEP**

*Insert name of Court, and Judicial District and Branch Court:*
MARICOPA COUNTY SUPERIOR COURT

*Plaintiff:* KAITLYNN MARIE, AN UNMARRIED WOMAN
*Defendant:* DAVID SZAPIRO AND JUDY SZAPIRO, HUSBAND AND WIFE; ET AL.

| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2018-055672 |
|---|---|---|---|---|

1. *At the time of service I was at least 21 years of age and not a party to this action.*

2. I served copies of the
   SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT

3. *a. Party served:* STATE OF ARIZONA
   *b. Person served:* BRIAN MUNOZ, ADMIN ASSISTANT III

4. *Address where the party was served:* 2001 N Central Ave, Phoenix, AZ 85007

5. *I served the party:*
   a. **by substituted service.**  On: Thu, Nov 29 2018 at: 12:24 PM by leaving the copies with or in the presence of:
   BRIAN MUNOZ, ADMIN ASSISTANT III , Hispanic , Male , Age: 25 , Hair: Black , Eyes: Brown , Height: 5'9" , Weight: 180 lbs.

   *(a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.*
   *(b) I received this subpoena for service on: 11/29/2018*

   Service: $53.11, Mileage: $24.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $87.11

   I Declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

6. *Person Executing:*
   *a.* Eric Henningsen MC-7129;
   **b. FIRST LEGAL**
   3737 North 7th. Street Suite 209
   PHOENIX, AZ 85014
   *c.* (602) 248-9700

   _____12/02/2018_____
   *(Date)*

   _____
   *(Signature)*

7. STATE OF ARIZONA, COUNTY OF Maricopa
   Subscribed and sworn to (or affirmed) before on this ___2___ day of ___Dec___ , 2018 by Eric Henningsen (MC-7129)
   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

   _____
   *(Notary Signature)*

   ANGELITA ZUNIGA
   NOTARY PUBLIC, ARIZONA
   MARICOPA COUNTY
   My Commission Expires
   December 5, 2018

   AFFIDAVIT OF SERVICE



FL
FIRSTLEGAL

*2855780 (10337814)*

Attorney or Party without Attorney:
THE PEOPLE'S LAW FIRM
STEPHEN D BENEDETTO (022349)
645 NORTH FOURTH AVENUE SUITE A
PHOENIX , AZ 85003
Telephone No: (602) 456-1901

Attorney For: Plaintiff

Ref. No. or File No.: CV2018-055672

CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 DEC -4 AM 11: 38

FILED BY: _____

Insert name of Court, and Judicial District and Branch Court:
MARICOPA COUNTY SUPERIOR COURT

Plaintiff: KAITLYNN MARIE, AN UNMARRIED WOMAN
Defendant: DAVID SZAPIRO AND JUDY SZAPIRO, HUSBAND AND WIFE; ET AL.

| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div. | Case Number:<br>CV2018-055672 |
|---|---|---|---|---|

1. At the time of service I was at least 21 years of age and not a party to this action.

2. I served copies of the
   SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT

3. a. Party served:     WARDEN ROBERT PATTON, individually and in his capacity of Warden of Arizona State Prison Complex Alhambra
   b. Person served:   WARDEN ROBERT PATTON , Caucasian , Male , Age: 65 , Hair: Bald , Eyes: Brown , Seated, Glasses.

4. Address where the party was served:   2500 E Van Buren St, Phoenix, AZ 85008

5. I served the party:
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party (1) on: Thu, Nov 29 2018 (2) at: 03:18 PM

Service: $53.11, Mileage: $24.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $87.11

I Declare under penalty of perjury under the laws of the State of
Arizona that the foregoing is true and correct.

6. Person Executing:
   a. Eric Henningsen MC-7129
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

| 12/02/2018 | _Eric H_____ |
|---|---|
| (Date) | (Signature) |

7. STATE OF ARIZONA, COUNTY OF Maricopa
   Subscribed and sworn to (or affirmed) before on this ____2____ day of ___Dec___ , 2018 by Eric Henningsen (MC-7129)
   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Angelita Zuniga_
(Notary Signature)

ANGELITA ZUNIGA
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 5, 2018

AFFIDAVIT OF SERVICE

2855797 (10337822)


FL
FIRSTLEGAL

ORIGINAL

CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 DEC -4  AM 11: 37

FILED
BY A. VALENZUELA, DEP

1   THE PEOPLE'S LAW FIRM, PLC
    Stephen D. Benedetto (Ariz. Bar No. 022349)
2   Heather Hamel (Ariz. Bar No. 031734)
    645 North 4th Avenue, Suite A
3   Phoenix, Arizona 85003
    Telephone: (602) 456-1901
4   Facsimile: (602) 801-2834
    benedetto@the-plf.com
5   hamel@the-plf.com

6   *Firm email for docketing purposes:*
    admin@the-plf.com
7

8   *Attorneys for Plaintiff Katlynn Marie*

9           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10
            IN AND FOR THE COUNTY OF MARICOPA
11

12  KATLYNN  MARIE,  an  unmarried      Case No.   CV 2018-055672
    woman,
13
                    Plaintiff,            SUMMONS
14
    v.
15                                        If you would like legal advice from a lawyer,
    DAVID SZAPIRO AND JUDY                contact the Lawyer Referral Service at
16  SZAPIRO, husband and wife;            602-257-4434
    CHARLES RYAN, individually and                    or
17  in his capacity as the Director of the        www.maricopalawyers.org
    Arizona Department of Corrections;          Sponsored by the
18  CARSON McWILLIAMS,                     Maricopa County Bar Association
    individually and in his capacity as the
19  Division Director of the Arizona
    Department of Corrections; ROBERT
20  PATTON, individually and in his
    capacity of Warden of Arizona State
21  Prison Complex Alhambra; and THE
    STATE OF ARIZONA, a
22  governmental entity;

23                  Defendants.

24

25

26

THE STATE OF ARIZONA TO THE DEFENDANT:

DAVID SZAPIRO AND JUDY SZAPIRO
2628 EAST ASTER DRIVE
PHOENIX, AZ 85032

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you must appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of receipt by the party being served. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz. R. Civ. P. 4, 4.1, 4.2 and 12(a).

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. Ariz. R. Civ. P. 5, 10; A.R.S. § 12-311.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding. Ariz. R. Civ. P. 4(b).

The name and address of plaintiffs' attorneys is:

1

2                  Stephen D. Benedetto
THE PEOPLE'S LAW FIRM, PLC

3                  645 N 4th Avenue, Suite A
Phoenix, Arizona  85003

4

5    SIGNED AND SEALED this date: _____ SEP - 7 2018 _____

6

7                        CHRIS DEROSE, CLERK

8                    By _____

9                    Deputy Clerk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## ADA Notification

2   Requests for reasonable accommodation for persons with disabilities must be made
to the Maricopa County Superior Court by the parties at least five (5) business
3   days in advance of a scheduled court proceeding.   ADA information and the
request for are also available on our web site under Forms/Miscellaneous Forms.

4

5   ## Interpreter Notification

6   Requests for an interpreter for persons with limited English proficiency must be
made to Maricopa County Superior Court Administration by the parties at least
7   ten (10) judicial days in advance of a scheduled court proceeding.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc. # DC-11921432 v.1

ORIGINAL



CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 DEC -4 AM 11: 38

1  THE PEOPLE'S LAW FIRM, PLC
   Stephen D. Benedetto (Ariz. Bar No. 022349)
2  Heather Hamel (Ariz. Bar No. 031734)
   645 North 4th Avenue, Suite A
3  Phoenix, Arizona 85003
   Telephone: (602) 456-1901
4  Facsimile: (602) 801-2834
   benedetto@the-plf.com
5  hamel@the-plf.com

6  *Firm email for docketing purposes:*
   admin@the-plf.com
7

8  *Attorneys for Plaintiff Katlynn Marie*

FILED
BY A. VALENZUELA, DEP

9           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10            IN AND FOR THE COUNTY OF MARICOPA

11

12  KATLYNN  MARIE,  an  unmarried      Case No.  CV 2018-055672
    woman,
13
                    Plaintiff,           SUMMONS
14
15  v.
                                         If you would like legal advice from a lawyer,
16  DAVID SZAPIRO AND JUDY                contact the Lawyer Referral Service at
    SZAPIRO, husband and wife;                      602-257-4434
    CHARLES RYAN, individually and                      or
17  in his capacity as the Director of the       www.maricopalawyers.org
    Arizona Department of Corrections;           Sponsored by the
18  CARSON McWILLIAMS,                    Maricopa County Bar Association
    individually and in his capacity as the
19  Division Director of the Arizona
    Department of Corrections; ROBERT
20  PATTON, individually and in his
    capacity of Warden of Arizona State
21  Prison Complex Alhambra; and THE
    STATE OF ARIZONA, a
22  governmental entity;
23                  Defendants.
24
25
26

THE STATE OF ARIZONA TO THE DEFENDANT:

STATE OF ARIZONA
C/O ATTORNEY GENERAL, MARK BRNOVICH,
1275 WEST WASHINGTON STREET
PHOENIX, AZ 85007

     YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you must appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of receipt by the party being served. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz. R. Civ. P. 4, 4.1, 4.2 and 12(a).

     YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

     YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. Ariz. R. Civ. P. 5, 10; A.R.S. § 12-311.

     Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding. Ariz. R. Civ. P. 4(b).

1

The name and address of plaintiffs' attorneys is:

2

Stephen D. Benedetto
THE PEOPLE'S LAW FIRM, PLC
645 N 4th Avenue, Suite A
Phoenix, Arizona  85003

3

4

5

SIGNED AND SEALED this date: _____ SEP – 7 2018 _____

6

7

CHRIS DEROSE, CLERK

8

By _____

9

Deputy Clerk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ADA Notification**

**Requests for reasonable accommodation for persons with disabilities must be made to the Maricopa County Superior Court by the parties at least five (5) business days in advance of a scheduled court proceeding.   ADA information and the request for are also available on our web site under Forms/Miscellaneous Forms.**

**Interpreter Notification**

**Requests for an interpreter for persons with limited English proficiency must be made to Maricopa County Superior Court Administration by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

Doc. # DC-11921432 v.1

# ORIGINAL

CHRIS DEROSE, CLERK
RECEIVED COG #2
DOCUMENT DEPOSITORY

18 DEC -4  AM II: 38

FILED
BY A. VALENZUELA, DEP

1  THE PEOPLE'S LAW FIRM, PLC
   Stephen D. Benedetto (Ariz. Bar No. 022349)
2  Heather Hamel (Ariz. Bar No. 031734)
   645 North 4ᵗʰ Avenue, Suite A
3  Phoenix, Arizona 85003
   Telephone: (602) 456-1901
4  Facsimile: (602) 801-2834
   benedetto@the-plf.com
5  hamel@the-plf.com

6  *Firm email for docketing purposes:*
   admin@the-plf.com
7

8  *Attorneys for Plaintiff Katlynn Marie*

9          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10         IN AND FOR THE COUNTY OF MARICOPA

11

12  KATLYNN MARIE, an unmarried        Case No.  CV 2018-055672
    woman,
13                                     **SUMMONS**
                    Plaintiff,
14
    v.
15
    DAVID SZAPIRO AND JUDY            If you would like legal advice from a lawyer,
16  SZAPIRO, husband and wife;        contact the Lawyer Referral Service at
    CHARLES RYAN, individually and             602-257-4434
17  in his capacity as the Director of the              or
    Arizona Department of Corrections;   www.maricopalawyers.org
18  CARSON McWILLIAMS,                      Sponsored by the
    individually and in his capacity as the  Maricopa County Bar Association
19  Division Director of the Arizona
    Department of Corrections; ROBERT
20  PATTON, individually and in his
    capacity of Warden of Arizona State
21  Prison Complex Alhambra; and THE
    STATE OF ARIZONA, a
22  governmental entity;

23                  Defendants.

24

25

26



1       THE STATE OF ARIZONA TO THE DEFENDANT:

2

3       WARDEN ROBERT PATTON
        ARIZONA STATE PRISON COMPLEX ALHAMBRA
4       2500 E VAN BUREN ST,
        PHOENIX, ARIZONA 85008
5

6           YOU ARE HEREBY SUMMONED and required to appear and defend, within the
        time applicable, in this action in this court.  If served within Arizona, you must appear and
7       defend within 20 days after the service of the Summons and Complaint upon you, exclusive
        of the day of service.  If served out of the State of Arizona, whether by direct service, by
8       registered or certified mail, or by publication, you shall appear and defend within 30 days
        after the service of the Summons and Complaint upon you is complete, exclusive of the day
9       of service.  Where process is served upon the Arizona Director of Insurance as an insurer's
        attorney to receive service of legal process against it in this state, the insurer shall not be
10      required to appear, answer or plead until the expiration of 40 days after date of such service
        upon the Director.  Service by registered or certified mail without the State of Arizona is
11      complete 30 days after the date of receipt by the party being served.  Service by publication
        is complete 30 days after the date of first publication.  Direct service is complete when
12      made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after
        filing the Affidavit of Compliance and return receipt or Officer's Return.  Ariz. R. Civ. P.
13      4, 4.1, 4.2 and 12(a).

14          YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
        within the time applicable, judgment by default may be rendered against you for the relief
15      demanded in the Complaint.

16          YOU ARE CAUTIONED that in order to appear and defend, you must file an
        Answer or proper response in writing with the Clerk of this Court, accompanied by the
17      necessary filing fee, within the time required, and you are required to serve a copy of any
        Answer or response upon the plaintiff's attorney.  Ariz. R. Civ. P. 5, 10; A.R.S. § 12-311.
18
            Requests for reasonable accommodation for persons with disabilities must be made
19      to the division assigned to the case by parties at least three (3) judicial days in advance of a
        scheduled court proceeding.  Ariz. R. Civ. P. 4(b).
20

21

22

23

24

25

26

                                        - 2 -

1    The name and address of plaintiffs' attorneys is:

2                               Stephen D. Benedetto
                                THE PEOPLE'S LAW FIRM, PLC
3                               645 N 4th Avenue, Suite A
                                Phoenix, Arizona  85003
4

5
          SIGNED AND SEALED this date:   SEP – 7 2018
6

7                                        CHRIS DEROSE, CLERK

8                                        By _____

9                                        Deputy Clerk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

### ADA Notification

2   Requests for reasonable accommodation for persons with disabilities must be made

3   to the Maricopa County Superior Court by the parties at least five (5) business days in advance of a scheduled court proceeding.   ADA information and the request for are also available on our web site under Forms/Miscellaneous Forms.

4

5

### Interpreter Notification

6   Requests for an interpreter for persons with limited English proficiency must be

7   made to Maricopa County Superior Court Administration by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

*Attorney or Party without Attorney:*
THE PEOPLE'S LAW FIRM
STEPHEN D BENEDETTO (022349)
645 NORTH FOURTH AVENUE SUITE A
PHOENIX , AZ 85003
*Telephone No:* (602) 456-1901

*Attorney For:* Plaintiff          *Ref. No. or File No.:* CV2018-055672

*Insert name of Court, and Judicial District and Branch Court:*
MARICOPA COUNTY SUPERIOR COURT

*Plaintiff:* KAITLYNN MARIE, AN UNMARRIED WOMAN
*Defendant:* DAVID SZAPIRO AND JUDY SZAPIRO, HUSBAND AND WIFE; ET AL.

CHRIS DEROSE, CLERK
For Clerk's Use Only
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 DEC -4  AM 11: 37

FILED BY: _Camila_

| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* CV2018-055672 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT

3.  *a.  Party served:*   JUDY SZAPIRO
    *b.  Person served:*   MICHAEL, SON/RESIDENT

4.  *Address where the party was served:*   2628 E Aster Dr, Phoenix, AZ 85032

5.  *I served the party:*
    a. **by substituted service.**   On: Thu, Nov 29 2018 at : 08:10 PM by leaving the copies with or in the presence of:
       MICHAEL, SON/RESIDENT , Caucasian , Male , Age : 18 , Height: 5'10" , Weight: 175 lbs .

    (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.
    (b) I received this document for service on: 11/30/2018

Service: $53.11, Mileage: $26.40, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $89.51

I Declare under penalty of perjury under the laws of the State of
Arizona that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Zachary Mueller MC-8735;
    **b.** FIRST LEGAL
       3737 North 7th. Street Suite 209
       PHOENIX, AZ 85014
    c. (602) 248-9700

| 12/03/2018 | |
|---|---|
| *(Date)* | *(Signature)* |

7.  *STATE OF ARIZONA, COUNTY OF* Maricopa
    *Subscribed and sworn to (or affirmed) before on this* _3_ *day of* Dec , 2018 *by Zachary Mueller (MC-8735)*
    *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

ANGELITA ZUNIGA
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 5, 2018

*(Notary Signature)*

AFFIDAVIT OF SERVICE



2858443 (10337967)

| Attorney or Party without Attorney: | | |
|---|---|---|
| THE PEOPLE'S LAW FIRM<br>STEPHEN D BENEDETTO (022349)<br>645 NORTH FOURTH AVENUE SUITE A<br>PHOENIX , AZ 85003<br>*Telephone No:* (602) 456-1901 | | CHRIS DEROSE, CLERK<br>*For Court Use Only*<br>RECEIVED CCB #2<br>DOCUMENT DEPOSITORY<br>**18 DEC -4  AM 11: 38** |
| *Attorney For:* Plaintiff | *Ref. No. or File No.:* CV2018-055672 | FILED BY: Conicots |

| *Insert name of Court, and Judicial District and Branch Court:* |
|---|
| MARICOPA COUNTY SUPERIOR COURT |

| *Plaintiff:* KAITLYNN MARIE, AN UNMARRIED WOMAN |
|---|
| *Defendant:* DAVID SZAPIRO AND JUDY SZAPIRO, HUSBAND AND WIFE; ET AL. |

| AFFIDAVIT OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div.* | *Case Number:*<br>CV2018-055672 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT

3.  *a.  Party served:*    ARIZONA DEPARTMENT OF CORRECTIONS
    *b.  Person served:*   KELLY DUDLEY, LEGAL ADVISOR

4.  *Address where the party was served:*  1601 W Jefferson St, Phoenix, AZ 85007

5.  *I served the party:*
    a. **by substituted service.**   On: Thu, Nov 29 2018 at: 12:57 PM by leaving the copies with or in the presence of:
    KELLY DUDLEY, LEGAL ADVISOR , Caucasian , Male , Age: 60 , Hair: Gray , Eyes: Blue , Height: 6'2" , Weight: 200 lbs,
    Glasses .

    (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.
    *(b) I received this document for service on:* 11/29/2018

    Service: $53.11, Mileage: $24.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $87.11

    I Declare under penalty of perjury under the laws of the State of
    Arizona that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Eric Henningsen MC-7129;
    **b. FIRST LEGAL**
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
    c. (602) 248-9700

    _____12/02/2018_____          _Eric H_____
                *(Date)*                          *(Signature)*

7.  STATE OF ARIZONA, COUNTY OF  Maricopa
    Subscribed and sworn to (or affirmed) before on this  ____2____  day of  __Dec.__ , 2018 by Eric Henningsen (MC-7129)
    proved to me on the basis of satisfactory evidence to be the person who appeared before me.

    ___Angelita Zuniga___
                *(Notary Signature)*

    ANGELITA ZUNIGA
    NOTARY PUBLIC, ARIZONA
    MARICOPA COUNTY
    My Commission Expires
    December 5, 2018

    AFFIDAVIT OF SERVICE

    *2855785 (10337816)*

# ORIGINAL

CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 DEC -7 PM 12: 19

FILED BY: *I. Bridel*

1   THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
2   Heather Hamel (Ariz. Bar No. 031734)
645 North 4th Avenue, Suite A
3   Phoenix, Arizona 85003
Telephone: (602) 456-1901
4   Facsimile: (602) 801-2834
benedetto@the-plf.com
5   hamel@the-plf.com

6   *Firm email for docketing purposes:*
admin@the-plf.com
7

8   *Attorneys for Plaintiff Katlynn Marie*

9           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10             IN AND FOR THE COUNTY OF MARICOPA

11

12   KATLYNN MARIE, an unmarried      Case No. CV 2018-055672
     woman,
13                                    **SUMMONS**
                    Plaintiff,
14
     v.
15
     DAVID SZAPIRO AND JUDY          If you would like legal advice from a lawyer,
16   SZAPIRO, husband and wife;       contact the Lawyer Referral Service at
     CHARLES RYAN, individually and          602-257-4434
17   in his capacity as the Director of the          or
     Arizona Department of Corrections;    www.maricopalawyers.org
18   CARSON McWILLIAMS,                  Sponsored by the
     individually and in his capacity as the   Maricopa County Bar Association
19   Division Director of the Arizona
     Department of Corrections; ROBERT
20   PATTON, individually and in his
     capacity of Warden of Arizona State
21   Prison Complex Alhambra; and THE
     STATE OF ARIZONA, a
22   governmental entity;

23                    Defendants.

24

25

26

THE STATE OF ARIZONA TO THE DEFENDANT:


CARSON McWILLIAMS
DIVISION DIRECTOR,
ARIZONA DEPARTMENT OF CORRECTIONS
1601 WEST JEFFERSON STREET
PHOENIX, ARIZONA 85007


YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you must appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of receipt by the party being served. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz. R. Civ. P. 4, 4.1, 4.2 and 12(a).

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. Ariz. R. Civ. P. 5, 10; A.R.S. § 12-311.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding. Ariz. R. Civ. P. 4(b).

1
2      The name and address of plaintiffs' attorneys is:
3                          Stephen D. Benedetto
4                          THE PEOPLE'S LAW FIRM, PLC
                           645 N 4th Avenue, Suite A
5                          Phoenix, Arizona  85003
6
       SIGNED AND SEALED this date:   SEP − 7 2018
7                                    _____
8
                                     CHRIS DEROSE, CLERK
9                                    By_____
10                                   Deputy Clerk
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the Maricopa County Superior Court by the parties at least five (5) business days in advance of a scheduled court proceeding.   ADA information and the request for are also available on our web site under Forms/Miscellaneous Forms.

### Interpreter Notification

Requests for an interpreter for persons with limited English proficiency must be made to Maricopa County Superior Court Administration by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.

- 6 -

Doc. # DC-11921432 v.1

CHRIS DEROSE, CLERK

| Attorney or Party without Attorney: | | |
|---|---|---|
| THE PEOPLE'S LAW FIRM<br>STEPHEN D BENEDETTO (022349)<br>645 NORTH FOURTH AVENUE SUITE A<br>PHOENIX , AZ 85003<br>*Telephone No:*  (602) 456-1901 | | For Court Use Only:<br>CHRIS DEROSE, CLERK<br>RECEIVED CCB #2<br>DOCUMENT DEPOSITORY<br><br>18 DEC -7  PM 12: 19<br><br>FILED BY: _____ |

| Attorney For:  Plaintiff | *Ref. No. or File No.:*  CV2018-055672 |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
MARICOPA COUNTY SUPERIOR COURT

*Plaintiff:*  KAITLYNN MARIE, AN UNMARRIED WOMAN
*Defendant:*  DAVID SZAPIRO AND JUDY SZAPIRO, HUSBAND AND WIFE; ET AL.

| AFFIDAVIT OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2018-055672 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT

3.  *a.   Party served:*   Carson McWilliams
    *b.   Person served:*   Carson McWilliams , Caucasian , Male , Age: 65 , Hair: Gray , Eyes: Blue , Height: 5'8" , Weight: 200 lbs, Glasses. Beard.

4.  *Address where the party was served:*   1601 W Jefferson St, Phoenix, AZ 85007

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
    process for the party (1) on: Mon, Dec 03 2018 (2) at: 04:11 PM

Service: $53.11, Mileage: $24.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $87.11

I Declare under penalty of perjury under the laws of the State of
Arizona that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Eric Henningsen MC-7129
    **b. FIRST LEGAL**
    3737 North 7th. Street Suite 209
    PHOENIX, AZ 85014
    c. (602) 248-9700

| 12/05/2018 | *Eric H_____* |
|---|---|
| *(Date)* | *(Signature)* |

7.  *STATE OF ARIZONA, COUNTY OF*  Maricopa
    *Subscribed and sworn to (or affirmed) before on this* _____5_____ *day of* _____Dec.____ , *2018 by* Eric Henningsen (MC-7129)
    *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*



ANGELITA ZUNIGA
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 5, 2018

*Angelita Zuniga*
*(Notary Signature)*

AFFIDAVIT OF SERVICE


FIRST LEGAL

2855790 (10337820)